## Pond *versus* Niles.

An account in set-off cannot be allowed, unless the clerk have noted thereon, the day upon which it was received and filed.

Exceptions from the District Court.

Assumpsit. At the trial, the defendant offered a claim in set-off. An entry had been indorsed thereon, by the clerk, that it was "received and filed before the new entries were called," but the entry did not show on *what day* the set-off was filed, or on *what day* the new entries were called. There was also a *docket* entry, that the defendant had filed a demand in set-off. There was no other evidence of the time, when the paper, called a set-off, was filed. The plaintiff objected, for those reasons, to the reception of the set-off account. But it was received, and a verdict rendered thereon in favor of the defendant.

Evidence was introduced by the defendant, that there had existed a co-partnership for a few months between the parties. The defendant offered his book and suppletory oath. The book contained charges against the plaintiff for half of divers sums of money, received by the plaintiff; and the defendant, (against the objection of the plaintiff,) was allowed to testify,

that the plaintiff had admitted having received said sums for the use of the co-partnership; he also testified, that he, the defendant, had no means of knowing, that the plaintiff had received them, except from such admissions.

The jury, having agreed and sealed their verdict, after the adjournment of the court, had, under leave of the court, separated for the night, and next morning presented their verdict, which was, that the defendant did not promise, &c., and assessed damages for the defendant, in the sum of fourteen dollars and forty-three cents ; " the defendant also, to retain the buggy wagon and other articles named in the plaintiff's account."

The court then instructed the jury that they had no authority to award the buggy wagon, and other articles named in the plaintiff's account, to the defendant ; but that if they found a balance due to the defendant, on his set-off, they were to inquire and bring in the amount of the balance thus found to be due ; and thereupon sent the jury out the second time, without the consent of the plaintiff or of his counsel, and they returned a verdict, as follows : — " The jury find that the defendant did not promise, in manner and form as the plaintiff has declared against him, and assess damages for said defendant in the sum of *fifty-four dollars and forty-three cents ;*" which verdict was amended, without consent of plaintiff's counsel, or of the plaintiff, in manner following ; " the jury find the defendant did not promise in manner and form as the plaintiff has declared against him ; and the jury further find a balance due from the plaintiff on his account filed in set-off of fifty-four dollars and forty-three cents."

*Eastman,* for defendant.

The presumption of law is, that the set-off was filed in due season. The entry on the docket was, " The defendant has filed a demand in set-off." This is the proper entry. If not seasonably filed, the clerk would have no right to receive it, nor to consider it as filed, *as a set-off*, at all ; and had no right to make such entry on the docket. The clerk is the recording officer of the court, and it should be regarded as an

adjudication, made at that time, that it was duly and seasonably filed.

The entry upon the docket being intended as notice to the plaintiff, he should have objected, at the first term, if he did not consider it as filed in season, and then, the entry upon the docket might have been corrected, if wrong.

But we contend, that the bill was, *in fact,* duly and seasonably filed in set-off. And the defendant having done all that the law required, had a right to presume, that the clerk would make the proper entry on the paper. He could not stand by, and direct the clerk what to do, or how to do it; and the law surely will not cause him to suffer from the misprision of the officer of the court.

*Luques,* for the plaintiff.

SHEPLEY, C. J. — The statute, c. 115, § 25, provides, that a defendant who would present a demand in set-off, shall file a statement of his demand on the first day of the term of the court, at which the writ is made returnable; and the clerk shall enter on the same, the day when it was filed. In this case there was no entry made upon the demand, of the day when it was filed. There was an entry made thereon by the clerk, that it was received and filed before the new entries were called. The day on which such call was made, is not stated. There was also an entry made upon the docket of that term of the court, " the defendant has filed a demand in set-off."

It is insisted, that the demand was in fact filed on the first day of the term; and that the defendant ought not to be prejudiced by an omission of the clerk's duty. The case however states " except as above, there was no evidence of the time, when said paper, called a set-off, was filed." There is no proof of any kind presented by the bill of exceptions, that the account was filed on the first day of the term, and no such question can arise in the case.

It is further insisted, that the plaintiff should have made objection to the entry upon the docket at the first term and

have had it corrected, if he would resist the reception of the demand in set-off. The entry upon the docket may have been correct, and yet there have been no compliance with the provisions of the statute ; for, as amended by the act of 1847, c. 20, it does not require the clerk to enter upon the docket the day when the demand was filed. When there is not a compliance with the provisions of the statute, the court is not authorized by it to allow a set-off to be made.

It is not necessary to consider, whether the proceedings, in proof of the demand, or in taking the verdict of the jury, were legal. It will be sufficient to observe, that they are not approved.          *Exceptions sustained, verdict set aside,*

*and new trial granted.*